cc: HG/M

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
MAY 23 2016
at 4 o'clock and 45 min. A.M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF ____Hawaii____

CV16 00260 HG RLP

SHAUN ROSIERE
    Petitioner(s)

FOIA
COMPLAINT for Relief Pursuant to:

v.

UNITED STATES OF AMERICA
    Respondent(s)

Title 5 U.S.C. § 552

---

Plaintiff Rosiere Seeks Relief under Title 5 U.S.C. § 552; for the U.S. Government agency's in questions have failed to provide public document as required under the congressional mandates set within Title 5 U.S.C. § 552 with 20 business day plus 3 additional days for mailing delivery via U.S.P.S. . Plaintiff Rosiere has provided copies off all Freedom of Information Act Request via Exhibits ____#-20____.

## ARGUMENT

### Freedom of Information Act (FOIA) Complaint

This matter is before the court on Plaintiff Rosiere's complaint for requested documents under the Freedom of Information Act (FOIA), pursuant to 5 U.S.C., Section 552 for the reasons explained below:

1. This action arises out of Plaintiff Rosiere's efforts to obtain records from the Department of Justice (DOJ) concerning alleged public documents that are alleged on public record in criminal case numbers 08-629-5 and 09-720-1; as well as other unrelated requested document matters in the control of DOJ progenies or other federal governmental agencies. The documents requested by Mr. Rosiere are held in the prosecutor's files; case files; National Archives on and for the DOJ; or elsewhere as a DOJ progeny or elsewhere in government files. The alleged documents were the foundation of the prosecutor's "case in chief," or unrelated matters in the control of progenies of the DOJ or unrelated maters in the control of a federal governmental agency.

2. The DOJ or progenies or other federal governmental agencies have failed to produce or respond to any of the alleged documents via a FOIA request attempt by

1

Plaintiff Rosiere (Exhibits ___7-20___ ).

3. The statutory timeframe for FOIA compliance (for the DOJ and all progenies and all federal governmental agencies) has lapsed, pursuant to Title 5 mandate. See 5 U.S.C., Section 552 (a)(6)(A)( i ).

4. Plaintiff Rosiere's FOIA complaint seeks the production of each requested document (Exhibits ___7-20___ ). Under the uniform method of "Proving an Official Record"; Fed.R.Civ.P. 44 (a)(1)(B)( i ), "a copy attested by the officer with legal custody of the record . . . certificate must be made under seal . . . a judge of a court of record in the district . . . where the record is kept." The federal government operates under the premise of interstate and have access to all data bases at any location within any territory that are considered the U.S., thus these public records are kept and are available in any federal judicial district. Plaintiff Rosiere seeks these public records in the following manner:

    (a)  Plaintiff Rosiere seeks all documents (records) produced and placed on the court record in this civil case that were requested by Mr. Rosiere under FOIA (Exhibits ___7-20___ ); Judge of Record to certify under seal each requested document.
    (b)  Plaintiff Rosiere seeks the physical evidence sign in logs from Edison, New Jersey related to the above two criminal cases. Upon review of these logs it will prove that counsel Feiner never went to Edison, New Jersey to review the evidence.
    (c)  If the documents (records) cannot be produced, then compliance with Fed.R.Civ.P. 44(b), "Lack of a Record"; with the same required Fed.R.Civ.P. 44 (a)(1)(B)(i) judicial mandate.
    (d)  Within the detailed affidavit by the keeper of the records, state whether the record was found or that there was no record found upon the public records.

5. Plaintiff Rosiere only requires the DOJ to conduct a reasonable search for responsive records; prosecutors, "case in chief," documents and/or unrelated maters of DOJ progenies or other federal governmental agencies records. See Generally, *Adbelfatlah v. U.S. Dep't of Homeland Sec.*, 488 F.3d 178, 182 (3rd Cir. 2007).

6. Plaintiff Rosiere requires, "the agency's reasonable detailed affidavit, setting forth the search terms and the type of search preformed, and averring that all files likely to contain responsive materials were searched. For each requested document or group of documents." *Valencia-Lucena V. U.S. Coast Guard,* 180 F.3d 321, 326, 336 U.S. App. D.C. 386 (D.C. Cir. 1999); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68, 287 U.S. App. D.C. 126 (D.C. Cir. 1990). In the following manner:

    (a)  Each detailed affidavit is required to comply with Fed.R.Civ.P. 44 (a)(1)(B)( i).

7. All certifications are required to comply with Fed.R.Evid. 902; Order of this Court authenticating such Fact in Findings of the Court.

8. Governmental agencies have no authority to withhold information or limit availability or records. See 5 U.S.C., Section 552 (d).

9. District court has jurisdiction under 18 U.S.C., Section 1331 over 5 U.S.C., Section 552 cases.

## CONCLUSION

Plaintiff seeks all documents requested in the FOIA request; to include compliance with Fed.R.Evid. 902 and Fed.R.Civ.P. 44 (a)(1)(B)(i) mandates or Fed.R.Civ.P. 44 (b) mandates or a combination of both as described above.

For all the foregoing reasons the Petitioner respectfully request that this Court grant his Complaint for relief.

Respectfully submitted,                                  Dated: 5-18-2016

*Shaun Rosiere*

<u>Shaun Rosiere, Pro Se</u>
7380 S. Eastern Ave., STE No. 124265
Las Vegas, NV 89123

Mail to: U.S. Dist. Ct. Hawaii
300 Ala Moana Blvd.
Rm C338
Hawaii, HI 96850