IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SHAUN ROSIERE, | ) | CIVIL NO. 16-00260 HG-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION THAT |
| | ) | THE DISTRICT COURT DISMISS THE |
| vs. | ) | COMPLAINT WITHOUT PREJUDICE AND |
| | ) | DENY PLAINTIFF'S APPLICATION TO |
| UNITED STATES OF AMERICA, | ) | PROCEED WITHOUT PREPAYING FEES |
| | ) | OR COSTS |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
DISMISS THE COMPLAINT WITHOUT PREJUDICE AND DENY PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS[1]

Before the Court is Plaintiff Shaun Rosiere's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), filed on May 23, 2016.  ECF No. 2.  As discussed below, the Court FINDS AND RECOMMENDS that the district court DISMISS this action without prejudice and DENY Plaintiff's Application.

DISCUSSION

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  The Court must subject each civil action commenced

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

Here, Plaintiff filed a Freedom of Information Act ("FOIA") "Complaint for Relief Pursuant to Title 5 U.S.C. § 552," seeking documents related to various criminal cases. See ECF No. 1 at 1. Specifically, Plaintiff attached to his Complaint copies of fourteen FOIA letter requests seeking copies of the Oaths of Office and Appointments to Office of Judge Garret R. Brown, Jr., U.S. District Court for the District of New Jersey, Judge James C. Mahan, U.S. District Court of Nevada, Judge Jerome B. Simandle, U.S. District Court for the District of New Jersey, Judge Lewis T. Babcock, U.S. District Court for the District of Colorado, certain documents related to criminal case number 09-720 in the U.S. District Court for the District of New Jersey and civil case number 05-2589 in the U.S. District Court for the District of Colorado, documents related to a criminal indictment,

and copies of the Oaths of Office and Appointments to Office of AUSA John Jay Hoffman, Peter N. Katz, Matthew T. Smith, and Ralph J. Marra, Jr.  See ECF Nos. 1-1 through 1-14.  Plaintiff's FOIA letter requests specify that the records at issue are located in Colorado, New Jersey, and Washington, D.C.  Id.  The FOIA letter requests are dated between March 25, 2016, and April 1, 2016.  Id.

Under FOIA, an agency may be sued in the district where Plaintiff resides, where Plaintiff has his principal place of business, where the records are located, or in the District of Columbia.  See 5 U.S.C. § 552(a)(4)(B).  Based on Plaintiff's Complaint, Plaintiff resides in Las Vegas, Nevada.  See ECF No. 1 at 3.  There is no indication in the Complaint that his principal place of business is in Hawaii.  Id.  As noted above, the records at issue are located in Colorado, New Jersey, and Washington, D.C.  See ECF Nos. 1-1 through 1-14.  Accordingly, the District of Hawaii is not the proper venue for Plaintiff's FOIA Complaint.

Under 28 U.S.C. § 1406(a), if a case is filed in the wrong venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  A court should examine a plaintiff's claim to determine whether the interests of justice require transfer instead of dismissal.  See, e.g., King v. Russell, 963 F.2d 1301,

1305 (9th Cir. 1992).

Here, based on the information in the Complaint, it is not in the interests of justice to transfer this action. It appears based on the dates of Plaintiff's FOIA requests that Plaintiff's claims are well within the six-year statute of limitations. See 28 U.S.C. § 2401(a); Spannaus v. U.S. Dep't of Justice, 824 F.2d 52, 56 (applying Section 2401(a)'s six-year statute of limitations to FOIA claims). Therefore, Plaintiff would not be time barred from re-filing this action in another venue. Additionally, it is difficult for the Court to determine where venue is most appropriate because there are several venues available to Plaintiff including the district where he resides, Washington, D.C., or the three districts where the documents at issue are located if Plaintiff wishes to file separate actions. In these circumstances, the Court finds that it is not in the interests of justice to transfer this action. Accordingly, the Court RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE the present action for want of venue. Plaintiff may pursue his claims in the proper court. Because the Court recommends dismissal, Plaintiff's Application is moot. Accordingly, the Court RECOMMENDS that Plaintiff's Application be DENIED AS MOOT.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court

4

DISMISS Plaintiff's Complaint WITHOUT PREJUDICE and DENY AS MOOT Plaintiff's Application to Proceed Without Prepaying Fees or Costs.

        IT IS SO FOUND AND RECOMMENDED.

        DATED AT HONOLULU, HAWAII, JUNE 1, 2016.



        Richard L. Puglisi
        United States Magistrate Judge

**ROSIERE V. UNITED STATES OF AMERICA; CIVIL NO. 16-00260 HG-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE COMPLAINT WITHOUT PREJUDICE AND DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS**